UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY THREATT #182625,

        Plaintiff,

v.                                     Case No. 2:05-cv-97
                                     HON. GORDON J. QUIST

TERRI ARREDIA, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff Anthony Threatt, an inmate currently confined at the Standish Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC).  Specifically, Defendants include Case Manager Terri Arredia, Warden Luoma, Deputy Warden Darlene Edlund, Assistant Deputy Warden William Luetzow, Resident Unit Manager Daniel Lesatz, Inspector Ezrow, Corrections Officer John Van Abel, Corrections Officer Unknown Jacobson, and Grievance Coordinator Beth Smith.  Plaintiff's claims that Defendants violated his rights under the First, Eighth and Fourteenth Amendments.  For relief, Plaintiff requests damages.

        Presently before the Court are Defendants' Motions to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) (docket #92 and #141), and Plaintiff's Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56 (docket #99).  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  "[A]

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed

in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment

motion must be accepted as true. *Muhammad v. Close***,** 379 F.3d 413, 416 (6th Cir. 2004) (*citing*

*Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in

support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately,

the court must determine whether there is sufficient "evidence on which the jury could reasonably

find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir.

1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue

of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single

affidavit concerning state of mind created factual issue).

In their motions to dismiss, Defendants claim that Plaintiff failed to exhaust his

administrative remedies with regard to his claims against them. Pursuant to 42 U.S.C. § 1997e(a),

a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust

his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v.*

*Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies,

even if the prisoner may not be able to obtain the specific type of relief he seeks in the state

administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*,

215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order

to exhaust administrative remedies, prisoners must complete the administrative review process in

accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910,

922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance

procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct.

at 922-23.

- 3 -

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1] sets forth the applicable grievance procedures for prisoners in MDOC custody.  Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue with the staff member involved, unless prevented by circumstances beyond his or her control  *Id.* at ¶ R.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process, and submit a completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶ X.  The Policy Directive also provides the following directions for completing grievance forms: "[t]he issues shall be stated briefly.  Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original).  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent.  *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due.  *Id.* at ¶¶ R, DD.  The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for medical care grievances.  *Id.* at ¶ FF.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶¶ R, HH.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶ HH.  The Prisoner Affairs Section is the respondent for Step III grievances

---

[1]The MDOC amended Policy Directive 03.02.130 on July 9, 2007.  However, the 2003 version of the Policy Directive was in effect at all times applicable to this lawsuit.

on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

The Supreme Court held in *Woodford*, 126 S. Ct. at 2387, that the PLRA exhaustion requirement requires "proper exhaustion." "Proper exhaustion" means that the plaintiff complied with the administrative agency's deadlines and "critical procedural rules," such as time limits for filing grievances. *Id.* at 2386-388. It is a precondition to any suit challenging prison conditions. *Id.* Therefore, following *Woodford,* if a plaintiff's grievance was not filed in a timely manner pursuant to the state's administrative rules, the plaintiff has not properly exhausted his administrative remedies and the claim is barred. The Supreme Court's recent decision regarding PLRA exhaustion, *Jones,* 127 S. Ct. at 922, did not modify this holding regarding "proper exhaustion." To the contrary, the Court drew upon the reasoning of *Woodford* when it struck down the Sixth Circuit's rule barring prisoners from bringing suit against any defendant whom the prisoner had not named in a Step I administrative grievance:

> In *Woodford,* we held that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules," 548 U.S., at ----, 126 S.Ct. 2378 (slip op., at 5)--rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. As the MDOC's procedures make no mention of naming particular officials, the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion is unwarranted.

*Jones,* 127 S. Ct. at 922-23.[2]   The Court in *Jones* also struck down the Sixth Circuit's total exhaustion rule, finding that a district court may proceed on a prisoner's exhausted claims and dismiss the unexhausted claims.  *Id.* at 924-26.  Finally, the *Jones* Court overturned the Sixth Circuit's requirement that prisoners must specifically plead or demonstrate exhaustion in their complaints.  *Id.* at 921.  Rather, the *Jones* Court held that a prisoner's failure to exhaust is an affirmative defense under the PLRA.  *Id.*

In their briefs in support of the motions to dismiss, Defendants state that Plaintiff attached evidence of eleven different grievances to his complaint, which name Defendants Arredia, Lesatz, Luetzow, and Van Abel.  Defendants claim that Plaintiff admits in his complaint that he did not file grievances on Defendant Van Abel for refusing to feed him on April 4, 2005, April 7, 2005, and April 8, 2005, or for falsifying his record.  Nor did Plaintiff file a grievance on Defendant Jacobson for refusing him lunch on April 8, 2005.  Plaintiff alleges in his complaint that he could not file these grievances because Defendants Smith and Luetzow had placed him on modified access, which prevented him from obtaining grievance forms.

Defendants further state that some of the grievances offered by Plaintiff were filed during the pendency of the lawsuit, and therefore cannot serve to exhaust remedies.  Defendants claim that other grievances relied on by Plaintiff were duplicative or untimely, so that the claims raised in those grievances were not properly exhausted.  In support of this claim, they attach copies of step III responses to the grievances attached to Plaintiff's complaint.

---

[2]As "the MDOC's procedures make no mention of naming particular officials," the *Jones* Court held that "the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion is unwarranted." *Jones*, 127 S. Ct. at 923.  The *Jones* Court, however, dealt with MDOC Policy Directive 03.02.130, effective November 1, 2000.  In that version of MDOC Policy Directive 03.02.130 there was no requirement that particular officials be named in a Step I grievance.

As noted above, Defendants have filed motions to dismiss.  Defendants have not filed any documents other those relating to the grievances offered by Plaintiff in his complaint. Defendants argue that Plaintiff's grievances were either duplicative, untimely, or pursued during the pendency of the instant action.  Plaintiff replies in his brief in support of his motion for summary judgment by asserting that the grievances submitted with his complaint were merely to demonstrate why Defendants had been retaliating against him.   Plaintiff states that he did exhaust his administrative remedies as much as possible given his placement on modified access to the grievance procedure.

Under Michigan Department of Corrections policy, a prisoner is placed on modified access for filing "an excessive number of grievances which are frivolous, vague, duplicative, non-meritorious, raise non-grievable issues, or contain prohibited language. . .or [are] unfounded." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ JJ (effective Nov. 1, 2000).  The modified access period is ninety days and may be extended an additional thirty days for each time the prisoner continues to file a prohibited type of grievance.  *Id.*  While on modified access, the prisoner only can obtain grievance forms through the Step I coordinator, who determines whether the issue is grievable and otherwise meets the criteria under the grievance policy.  *Id.*, ¶ MM.  Plaintiff claims that he was denied grievances and/or grievance appeal forms, so that he was unable to exhaust many of his claims.

As noted above, the burden is on Defendants to show that Plaintiff failed to exhaust when asserting exhaustion as an affirmative defense.   Exhaustion is no longer a pleading requirement. The Supreme Court also rejected total exhaustion, holding that when a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed.  Accordingly, it is inappropriate to dismiss a case for failure to exhaust on a Rule 12(b)

motion unless the Plaintiff states in his complaint that he failed to exhaust his grievances against a defendant on a particular claim. The fact that Plaintiff attaches grievances to his complaint that may not show exhaustion of every issue presented is of no consequence because Plaintiff has no duty to show exhaustion.  The burden lies solely with a defendant to show that Plaintiff failed to exhaust grievance remedies.  It is each defendant's responsibility to support a motion to dismiss with specific reasons why a issue should be dismissed for failure to exhaust.  A general statement that Plaintiff failed to exhaust his grievance remedies will not be sufficient.  Moreover, where Defendants claim that a grievance was not properly filed, it is also Defendants' burden to establish that Plaintiff's grievances were procedurally defective.  In *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006), the Supreme Court held that a prisoner fails to satisfy the Prison Litigation Reform Act's (PLRA) exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance.  Accordingly, because Defendants have not met their burden, their motions to dismiss (docket #92 and #141) should be denied.

In Plaintiff's motion for summary judgment, he merely requests that the court grant him such relief.  In the accompanying brief, Plaintiff sets forth the reasons that Defendants should not be granted dismissal on the basis of exhaustion.  Plaintiff fails to offer any support for his claim that he is entitled to summary judgment.  Therefore, the undersigned recommends that Plaintiff's motion for summary judgment (docket #99) be denied.

In summary, in the opinion of the undersigned, Defendants have failed to support their claim that they are entitled to dismissal of this action for failure to exhaust administrative remedies and Plaintiff has failed to sustain his burden of proof with regard to his request for summary judgment.  Accordingly, it is recommended that Defendants' motions to dismiss (docket #92 and #141) and Plaintiff's motion for summary judgment (docket #99) be denied.

In addition, the undersigned notes that Plaintiff has filed a motion to produce property (docket #105) and for access to courts (docket #107). In the motion to produce, Plaintiff claims that his legal property was improperly confiscated and destroyed and he seeks the return of this property. However, because the property has been destroyed, the relief be sought in this motion is impossible. Therefore, the motion to produce property (docket #105) is properly denied.

With regard to the motion for access to courts, Plaintiff states that an individual who is not a Defendant in this action has refused to pick up Plaintiff's legal mail on more than one occasion. Plaintiff seeks to have criminal charges brought against this individual. However, Plaintiff does not have the right to request such relief. *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio, Sept. 18, 2002); *Langworthy v. Dean*, 37 F. Supp. 2d 417, 422 (D. Maryland, Feb. 8, 1999) (both citing *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 195, 109 S. Ct. 998 (1989)). "No federal appellate court, including the Supreme Court . . . has recognized that there is a federally enforceable right for the victim [of a crime] to have criminal charges investigated at all." *White*, 217 F. Supp. 2d at 841-42; *Langworthy*, 37 F. Supp. 2d at 422. The conclusion that such a right does not exist is supported by the fact that there is no federally protected right to compel the prosecution of a criminal activity. *Diamond v. Charles*, 476 U.S. 54, 63, 106 S. Ct. 1697, 1704 (1986); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 1149 (1973); *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 691-92 (6th Cir. 1994). Therefore, the undersigned recommends denial of Plaintiff's motion for access to courts (docket #107).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  February 7, 2008