UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ANTHONY THREATT #182625,

        Plaintiff,

v.                                                          Case No. 2:05-CV-97

TERRI ARREDIA, et al.,                           HON. GORDON J. QUIST

        Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court has before it Defendants' Objections and Plaintiff's Objections to the report and recommendation dated February 7, 2008. In his report and recommendation, Magistrate Judge Greeley recommended that the Court deny: (1) Defendants' motion to dismiss for failure to exhaust administrative remedies; (2) Plaintiff's motion for summary judgment; (3) Plaintiff's motion to produce property; and (4) Plaintiff's motion for access to courts.

Regarding Defendants' motion, the magistrate judge concluded that the motion should be denied because Defendants failed to carry their burden of demonstrating that Plaintiff failed to exhaust, where Plaintiff attached grievances to his complaint that may not show exhaustion and Defendants merely argued that Plaintiff failed to properly exhaust because his grievances were duplicative, untimely, or pursued during the pendency of the instant action. With regard to Plaintiff's motions, the magistrate judge recommended that the motion for summary judgment be denied because Plaintiff merely requested summary judgment without citing any support for his claim. The magistrate judge recommended that Plaintiff's motion to produce property be denied as moot because Plaintiff claimed that his property was improperly confiscated and destroyed, thus

making the relief sought (return of the property) impossible. Finally, the magistrate judge recommended denial of the access to the courts motion because Plaintiff does not have a right to compel a criminal prosecution.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted.

### *Defendants' Motion to Dismiss*

In their Objections, Defendants contend that the Court should reject the magistrate judge's recommendation because it appears to be "based solely on the fact that Defendants utilize evidence submitted by the plaintiff that the plaintiff had, himself, submitted with his Complaint." (Defs.' Objection at 1.) Defendants contend that they are not required to ignore the evidence attached to Plaintiff's complaint demonstrating Plaintiff' non-compliance with the prison grievance process. (*Id.* at 3.)

The Court concurs with Defendants that the magistrate judge's reasoning is not entirely clear. The magistrate judge did correctly note that lack of exhaustion is an affirmative defense upon which Defendants have the burden of proof. However, his statement that "it is inappropriate to dismiss a case for failure to exhaust on a Rule 12(b) motion unless the Plaintiff states in his complaint that he failed to exhaust his grievances against a defendant on a particular claim," (Report & Recommendation at 7-8), is not entirely accurate because it unduly limits the permissible scope of a Rule 12(b)(6) motion. A defendant may move for dismissal under Rule 12(b)(6) upon certain affirmative defenses. *See Rausch v. Day & Night Mfg. Corp.*, 547 F.2d 697, 702 (6th Cir. 1978). "[T]he prevailing rule is that a complaint showing on its face that relief is bared by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Id. See also Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir.

2

1985) (observing that an affirmative defense may be raised in a Rule 12(b)(6) motion where the face of the complaint reveals the existence of the defense). While a court is generally limited to the allegations in a complaint in ruling on a Rule 12(b)(6) motion, it may also consider exhibits attached to the complaint. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). In other words, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007). Thus, a defendant may properly move for dismissal under Rule 12(b)(6) where grievance forms attached to the complaint show that the plaintiff failed to properly exhaust his claim. *See Leary v. A.R.U.S. Conerly*, No. 06-15424-BC, 2007 WL 1218952, at *4 (E.D. Mich. Apr. 25, 2007) (concluding that dismissal for failure to state a claim on screening was proper where the grievance papers attached to the complaint showed that grievance was rejected at all three steps as untimely).

In this case, Defendants' motion is properly denied because Defendants rely upon matters beyond the complaint and attached exhibits in support of their motion. For example, based upon its review of Defendants' motion and supporting materials, the Court notes that Defendants submitted copies of the Step III grievance responses for all grievances identified in the motion, but those responses were not attached to the complaint. Thus, consideration of the response would be improper on a motion to dismiss. The proper procedural vehicle, therefore, is a motion for summary judgment.

The sole exception the Court has found is Grievance AMF-04-11-3047-15b, dated November 5, 2004, which Defendants argued was untimely. Plaintiff attached the Step II appeal form, as well as the Step III response, to his complaint. Defendants argued that the grievance was not properly exhausted because it was rejected as untimely at Step II. A review of the relevant documents shows,

however, that the Step III response addressed the grievance on the merits. As another court in this District has observed, "[i]f a plaintiff takes advantage of the grievance process and a state accepts the plaintiff's grievance and considers it on the merits, then the state will not be heard to complain that the grievance was not properly exhausted." *Grear v. Gelabert*, No. 1:07-CV-203, 2008 WL 474098, at *2 (W.D. Mich. Feb. 15, 2008). *See also Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004) ("If a prison accepts a belated filing, and considers it on the merits, that step makes the filing proper for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court."), *abrogated on other grounds by Jones v. Bock*, 127 S. Ct. 910 (2007). Plaintiff's grievance was considered at Step III and was not rejected as untimely. Therefore, Plaintiff properly exhausted the claim in that grievance.

### *Plaintiff's Motion for Summary Judgment*

The Court has reviewed Plaintiff's motion for summary judgment and agrees with the magistrate judge that the motion should be denied. The Court notes that Plaintiff moved for summary judgment, but in his supporting brief he addressed the issue of why Defendants' motion to dismiss should not be granted but did not cite or provide materials supporting his claim that he was entitled to summary judgment. In his Objections, Plaintiff states that the magistrate judge ignored the affidavits and other materials that Plaintiff previously filed, and the magistrate judge was aware or should have been aware that Defendants and their coworkers confiscated Plaintiff's evidence. Even though Plaintiff is proceeding *pro se*, it was not up to the magistrate judge or this Court to comb the record in search of facts that might support Plaintiff's claims. *Benedict v. Eau Claire Public Schs.*, No. 97-2513, 1998 WL 60374, at * (7th Cir. Feb. 10, 1998) (stating that "nor is the court obligated to scour the record in search of facts or evidence to support the litigants' positions") (citing *Hunt-Golliday v. Metro. Water Reclamation Dist.*, 104 F.3d 1004, 1010 & n.2

(7th Cir. 1997)). Moreover, it appears from Plaintiff's Objection that Plaintiff is under the mistaken impression that denial of Defendants' motion to dismiss for failure to exhaust somehow means that Plaintiff should prevail on summary judgment. This is not the case, and Plaintiff has failed on his burden to properly support his motion showing that there is no genuine issue regarding any material fact.

### *Plaintiff's Motion to Produce Property*

Plaintiff contends that the magistrate judge erred in recommending that the Court deny Plaintiff's motion to produce property because Plaintiff did not state that his property had been destroyed. Rather, he asserts, he stated that the officers identified in the motion, Williams, Mora, and Huges, went into his cell and destroyed it by throwing his property, including his legal property, all over his cell and making a mess. He further states that on July 13, 2007, the officers confiscated all of his property, including his legal property, and put it in a room where they keep all legal property. Even if Plaintiff's property has not been destroyed, the Court nonetheless concludes that the motion should be denied because the officers who allegedly confiscated Plaintiff's property are not parties to this case, and the Court therefore lacks jurisdiction over them to order that they return the property. Moreover, this appears to be the type of claim that may be grieved through the MDOC's grievance process. Thus, Plaintiff should first raise his claim in a grievance to allow prison officials an opportunity to address his allegations. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 7, 2008 (docket no. 150) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (docket nos. 92, 130, 141) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (docket no. 99), Plaintiff's Motion to Produce Property (docket no. 105), and Plaintiff's Motion for Order for Access to the Courts (docket no.107) are **DENIED**.


Dated: March 19, 2008                              /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE