UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ANTHONY THREATT #182625,

              Plaintiff,

v.                                                                    Case No. 2:05-CV-97

TERRI ARREDIA, et al.,                                HON. GORDON J. QUIST

              Defendants.

_____/

## MEMORANDUM ORDER ADOPTING AND REJECTING IN PART
## REPORT AND RECOMMENDATION

The Court has before it Defendants' Objections and Plaintiff's Objections to the report and recommendation dated August 27, 2008, addressing the following motions: (1) Plaintiff's motion for summary judgment; (2) Plaintiff's motion for injunctive relief; (3) Plaintiff's motion concerning his life and health; (4) Plaintiff's motion for default judgment; (5) Plaintiff's motion for a retaliatory transfer and to destroy evidence; and (6) Defendants' motion for summary judgment. Magistrate Judge Greeley recommended that the Court deny all of Plaintiff's motions and grant Defendants' motion for summary judgment on all claims except Plaintiff's Eighth Amendment claim for denial of food against Defendants VanAbel and Jacobson.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted in all respects except for the recommendation regarding the claim against Defendant Lesatz for exposing Plaintiff as a snitch.

***Defendants' Objection***

Defendants contend that the magistrate judge erred in concluding that Plaintiff's Eighth Amendment claim for denial of food should survive summary judgment. Defendants did not submit

affidavits with their motion or opening brief, although they did attach affidavits and evidentiary materials to their reply brief.  Citing affidavits Plaintiff attached to his complaint, the magistrate judge concluded that a genuine issue of material fact remains.  Defendants do not dispute this conclusion.  Rather, they contend that the magistrate judge should not have considered affidavits attached to the complaint because the affidavits are deemed to be part of the complaint, and it is improper to consider the pleadings in a motion for summary judgment.

Defendants' argument is without merit.  Defendants are correct that a party opposing a motion for summary judgment "may not rely *merely on allegations or denials* in its own pleading." Fed. R. Civ. P. 56(e)(2) (italics added).  *See also Arnett v. Myers*, 281 F.3d 552, 559 (6th Cir. 2002) ("The non-moving party may not rely on his pleadings alone, but must demonstrate the existence of a genuine issue of trial by pointing to 'specific facts' that create such an issue.").  Rather, the opposing party "must – by affidavits or as otherwise as provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  Nothing in the rule, however, supports Defendants' suggestion that in order to be considered in the context of a summary judgment motion, the opposing party may rely only upon affidavits or evidence submitted with its response to the motion.  In fact, Rule 56 does not so limit a court's consideration of evidentiary materials.  Rather, it states:  "The judgment sought should be rendered if the pleadings, the discovery and the disclosure materials *on file*, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (italics added).

Defendants' related argument – that the magistrate judge could not properly consider the affidavits attached to Plaintiff's complaint in deciding Defendants' motion for summary judgment because they are considered a part of the pleadings – is even more dubious and borders on the frivolous.  Rule 10(c), which Defendants cite, merely states that "[a] copy of a written instrument

2

that is an exhibit to a pleading is a part of the pleading for all purposes." Assuming that an affidavit is a "written instrument" for purposes of Rule 10(c),[1] nothing in Rule 10(c), or anywhere else in the Federal Rules of Civil Procedure, as far as the Court can discern, prohibits a court from considering affidavits attached to a complaint in deciding a motion for summary judgment. Defendants' argument is also contrary to the well-recognized rule that a court may consider a verified complaint as summary judgment evidence. *See Sheinkopf v. Stone*, 927 F.2d 1259, 1262 (1st Cir. 1991); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987). Moreover, Defendants' reliance upon *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291 (6th Cir. 2008), is misplaced. The issue in that case was wether the district court improperly converted a motion to dismiss into a motion for summary judgment by relying upon the legislative record of an ordinance attached to the plaintiff's complaint. *See id.* at 296-97. Here, Defendants filed a motion for summary judgment, so there is no issue of conversion.

*Plaintiff's Objection*

1.   **Eighth Amendment Claim Against Defendants Luoma, Edlund, Luetzow, and Ezrow**

Plaintiff first objects to the magistrate judge's conclusion that Defendants Luoma, Edlund, Luetzow, and Ezrow should be dismissed from the case. Plaintiff's claim against these Defendants, as the magistrate judge understood it, was that the camera in the hallway where Plaintiff was housed created a security risk because it did not show Plaintiff's door and Defendants failed to correct the problem. The magistrate judge reasoned that these Defendants are entitled to qualified immunity because a prisoner has no constitutional right to have a security camera directed toward his cell and because Plaintiff failed to show that Defendants were personally involved in the alleged deprivation.

---

[1] At least one circuit has held that an affidavit attached to a complaint is not a "written instrument" under Rule 10(c). *See Rose v. Bartle*, 871 F.2d 331, 339 n.3 (3d Cir. 1989).

Plaintiff does not dispute the magistrate judge's conclusion that he has no constitutional right to have a security camera directed at this cell (showing either the cell door or he inside of the cell). Rather, he states that he is claiming that Defendants knew the camera did not show Plaintiff's cell and that Defendant VanAbel (and apparently Defendant Jacobson) was not giving Plaintiff his food trays.  In other words, as the Court understands it, Plaintiff is claiming that Defendants knew that VanAbel was not feeding Plaintiff and that VanAbel was getting away with it because the camera did not show VanAbel depriving Plaintiff of his food trays.  Plaintiff asserts that Defendants had the power and authority to move Plaintiff to another cell.

Plaintiff's actual claim appears to be that Defendants knew about the constitutional deprivations but failed to take action to prevent VanAbel and Jacobson from violating Plaintiff's rights.  Plaintiff cites Defendant Lesatz' affidavit attached to Defendants' reply brief, as well as Plaintiff's April 20, 2005, letter to Defendant Luetzow, as proof that Defendants were aware of the alleged deprivations.  Plaintiff's argument fails, however, because this evidence establishes only that Defendants were aware of Plaintiff's complaints, not that they had personal knowledge that the alleged deprivations actually occurred.   In fact the evidence shows that Defendants received Plaintiff's complaints, investigated the situation, and determined that  Plaintiff's complaints were unfounded.  This evidence is insufficient to impose liability upon Defendants.  *See e.g., Miller v. Bock*, 55 F. App'x 310, 311-12 (6th Cir. 2003) ("A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983.").

### 2.    Denial Of Access To The Courts Claim

The magistrate judge concluded that Plaintiff's denial of access to the courts claim against Defendant Arredia should be dismissed because Plaintiff has failed to show any actual injury.

4

Although Plaintiff objects to this conclusion, he concedes that in spite of Defendant Arredia's alleged attempts to cause Plaintiff's criminal appeal to be dismissed, he was able to file his appellate documents.  Because Plaintiff suffered no actual injury, summary judgment is proper.

### 3.      Claim For Exposing Plaintiff As A Snitch

The magistrate judge recommended dismissal of Plaintiff's Eighth Amendment claim that Defendant Lesatz exposed Plaintiff as a snitch in front of other prisoners.  The magistrate judge stated:

> There is very little factual record on this claim.  Plaintiff simply asserts that defendant Lesatz told plaintiff that he misspelled another prisoner's name.  As a result, plaintiff asserted that he has been called a snitch or rat by other prisoners.  In the opinion of the undersigned, plaintiff has failed to set forth sufficient facts to show that defendant Lesatz acted with deliberate indifference exposing plaintiff to an unreasonable risk of serious harm.

(Report & Recommendation at 10.)  Plaintiff contends that the magistrate judge erred in this conclusion because Plaintiff alleges that Defendant Lesatz disclosed Plaintiff as a snitch under circumstances showing an intent to expose Plaintiff to an assault or to create the fear of assault.  The Court agrees.

Plaintiff states that Defendant Lesatz was speaking with Plaintiff regarding a grievance that Plaintiff had filed and Lesatz stated, in front of other prisoners while referring to the grievance, "you need to learn how to spell Montgomery [sic] name with a capitol [sic] (M)."  (Pl.'s Objection at 18.) Although it is not clear whether prisoner Montgomery was present at the time, Plaintiff states that at some point Montgomery asked Lesatz whether his name was in the grievance and Lesatz told him that it was.  Plaintiff also says that Lesatz told another prisoner, Clark, that Montgomery's name was in the grievance.  (*Id.*)  Plaintiff says that since that time, other prisoners have called him a "rat" and a "snitch."  Plaintiff's version is supported by the affidavits of prisoners Anderson, Walker, and

Taylor (docket nos. 6-8.)  Based upon these allegations, a genuine issue of material fact remains as to whether Lesatz identified Plaintiff as a snitch with the intent to provoke an assault against Plaintiff or to create in Plaintiff fear of an assault.

4.     **Claim Against Defendant Smith For Denial Of Appeal Of Modified Grievance Access Status**

The magistrate judge recommended that Plaintiff's claim against Defendant Smith for denying him a Step II grievance appeal be dismissed.  The magistrate judge reasoned that Plaintiff could not have been denied access to the courts if his request for an appeal was denied because by making the request he would have exhausted all available remedies.  In his objection Plaintiff states that the magistrate judge misunderstood the nature of the claim.  Plaintiff says that the magistrate judge erroneously stated that Defendant Smith denied his request for a Step II grievance form; rather, he alleges that he was denied the right to appeal and challenge his modified access status.  Such a claim still fails.  Plaintiff does not have a "constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corrs.*, 128 F. App'x 441, 445 (6th Cir. 2005).  Therefore, Plaintiff's claim that the denial of an appeal of his modified access status violated his right to due process fails as a matter of law.

5.     **Retaliation Claim**

The magistrate judge concluded that Plaintiff's retaliation claim should be dismissed because Plaintiff failed to allege that he engaged in protected conduct.  The magistrate judge did state that Plaintiff made vague allegations about a threat to file a grievance on VanAbel, but there was no factual support regarding the timing of the alleged threats.

In his objection, Plaintiff states that Defendant VanAbel began retaliating after Plaintiff threatened to file a grievance and lawsuit against VanAbel for withholding his food trays.  Thus,

according to Plaintiff, the alleged retaliatory act of withholding meal trays was the same conduct

that gave rise to Plaintiff's threat to file a grievance and a lawsuit.  These allegations fail to establish

a First Amendment retaliation claim because Plaintiff's allegations actually show a lack of a causal

connection between the protected conduct and the alleged retaliatory act.  *See Momah v. Dominguez*,

239 F. App'x 114, 125-26 (6th Cir. 2007) (employer conduct that was the same before and after the

alleged protected activity was insufficient to show a causal connection).

### 6.    Motion For Injunctive Relief

Plaintiff argues that the magistrate judge erred in denying his motion for injunctive relief

because the magistrate judge made contradictory rulings when he said that Plaintiff has presented

sufficient evidence to proceed on his Eighth Amendment claim but concluded that Plaintiff failed

to show a substantial likelihood of success on the merits.  These rulings are not contradictory.  To

say that Plaintiff has presented sufficient evidence to survive summary judgment does not mean that

Plaintiff has established a likelihood of success for purposes of injunctive relief.

### 7.    Other Motions

It is not clear whether Plaintiff asserts that the magistrate judge erred in concluding that his

remaining motions should be denied.  In any event, the Court finds no basis to reject the magistrate

judge's recommendations with regard to those motions.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation

issued August 27, 2008 (docket no. 203) is **ADOPTED IN PART AND REJECTED IN PART**

as the Opinion of this Court.  Plaintiff's motion for summary judgment (docket no. 198); motion for

injunctive relief (docket no. 168); motion concerning Plaintiff's life and health (docket no. 137);

motion for default judgment (docket no. 144); and motion for a retaliatory transfer and to destroy

evidence (docket no. 148) are **DENIED**.  Defendants' motion for summary judgment (docket no.

195) is **GRANTED IN PART AND DENIED IN PART**.  The motion is **granted** with respect to

all claims except the Eighth Amendment claim against defendants VanAbel and Jacobson and the

Eighth Amendment claim against Defendant Lesatz for exposing Plaintiff as a snitch.


Dated: September 22, 2008                                    _____/s/ Gordon J. Quist_____
                                                            GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE